UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KATHY SORIANO,

    Plaintiff,

v.                                                                            Case No: 8:18-cv-167-T-23JSS

ASEM HASAN and ROADRUNNER
CLEARWATER INC.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Plaintiff's Motion to Delay Filing of Motion for Judgment after Default and also Court's Entry of Final Judgment Against Defendant Asem Hasan ("Motion"). (Dkt. 21.) For the reasons that follow, the Court recommends that Plaintiff's Motion be granted.

### BACKGROUND

On January 19, 2018, Plaintiff filed her Complaint against Defendants Asem Hasan and KH Food & Deli, Inc. requesting injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 1281 ("ADA"). (Dkt. 1.) The Complaint was served on Defendant Asem Hasan on February 6, 2018. (Dkt. 9.) Plaintiff subsequently voluntarily dismissed KH Food & Deli, Inc. and added Defendant Roadrunner Clearwater, Inc. as the correct tenant of the facility. (Dkt. 16.) On March 2, 2018, Plaintiff filed a Motion for Clerk's Entry of Default Against Defendant Asem Hasan as his time to answer or otherwise respond to the Complaint elapsed. (Dkt. 10.) The Clerk therefore entered a default against Asem Hasan. (Dkt. 11.) Plaintiff now requests that the Court delay entry of final judgment against Asem Hasan in order to avoid the possibility of inconsistent verdicts. (Dkt. 21.)

## APPLICABLE STANDARDS

When a party fails to plead or otherwise defend a judgment for affirmative relief, the clerk of the court must enter a default against the party against whom the judgment was sought. Fed. R. Civ. P. 55(a); *see also* Fed. R. Civ. P. 12(a)(1)(A)(i) (providing that a defendant must serve an answer within twenty-one days after being served with the summons and complaint). If the plaintiff's claim is for a sum certain or an ascertainable sum, then the clerk, upon the plaintiff's request and upon an affidavit of the amount due, must enter a judgment by default. Fed. R. Civ. P. 55(b)(1). In all other cases, the party entitled to judgment must apply to the district court for a default judgment. Fed. R. Civ. P. 55(b)(2). A court may enter a default judgment against a defendant who never appears or answers a complaint, "for in such circumstances the case never has been placed at issue." *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1134 (11th Cir. 1986). Federal Rule of Civil Procedure Rule 54(b) provides that where multiple parties are involved, "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).

## ANALYSIS

Plaintiff requests that the Court delay entry of a final judgment against Asem Hasan. (Dkt. 21.) Plaintiff argues that the entry of a judgment now against one Defendant, before the action against the remaining Defendant is resolved, creates the possibility of inconsistent outcomes. (*Id.* at 2.) Under Middle District of Florida Local Rule 1.07(b), when service of process has been effected but no appearance or response is made within the time provided by Rule 12, the party effecting service shall "proceed without delay to apply for a judgment pursuant to Rule 55(b),

Fed.R.Civ.P., failing which the case shall be subject to dismissal 60 days after such service without notice and without prejudice; provided, however, such time may be extended by order of the Court on reasonable application with good cause shown." M.D. Fla. Local R. 1.07(b). Thus, Plaintiff essentially seeks an extension to move for entry of a final judgment against Asem Hasan in order to avoid dismissal.

"A defendant's default does not in itself warrant the court in entering a default judgment." *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). "When a default is entered against one defendant in a multi-defendant case, the preferred practice is for the court to withhold granting a default judgment until the trial of the action on the merits against the remaining defendants." *Essex Ins. Co. v. Moore*, 2011 WL 3235685 at *1 (M.D. Fla. July 28, 2011) (quoting *Northland Ins. Co. v. Cailu Title Corp.*, 204 F.R.D. 327, 330 (W.D. Mich. 2000)). Specifically, in cases involving more than one defendant, a judgment of liability should not be entered against a defaulting party alleged to be jointly liable with other defendants until the matter has been adjudicated with regard to all defendants. *Frow v. De La Vega*, 82 U.S. 552, 554 (1872) ("[A] final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal."). The Eleventh Circuit Court of Appeals has extended this prohibition against logically inconsistent judgments to other cases where "defendants are similarly situated, but not jointly liable." *Gulf Coast Fans, Inc. v. Midwest Elecs. Importers, Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984). Consequently, in this Circuit, it is "sound policy" that "when defendants are similarly situated, but not jointly liable, judgment should not be entered against a defaulting defendant if the other defendant prevails on the merits." *Id*. (citing 10A Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 2690; 6 Moore's Federal

Practice ¶ 55.06).  Thus, entry of a default judgment against a defaulted party is inappropriate in a case involving multiple defendants who are jointly liable or similarly situated.

Defendants may be similarly situated when they have closely related defenses. *Mayorga v. Stamp Concrete & Pavers, Inc.*, 13-81274-CIV, 2015 WL 3556972, at *2 (S.D. Fla. June 4, 2015) (finding defendants similarly situated where plaintiff asserted the same claim for overtime wages against both defendants and defendants' defenses were identical); *Machado v. Mega Travel USA Corp.*, 14-21037-CIV, 2015 WL 12803629, at *2 (S.D. Fla. Sept. 1, 2015), *report and recommendation adopted*, 14-21037-CIV, 2015 WL 12803630 (S.D. Fla. Sept. 22, 2015) ("The Eleventh Circuit has applied *Frow* to cases where defendants are jointly and severally liable, as well as where defendants have closely related defenses."); *Rodriguez v. Guacamole's Authentic Mexican Food & More, LLC*, 11-62527-CIV, 2012 WL 718688, at *2–3 (S.D. Fla. Mar. 6, 2012); 10A Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 2690 (4th ed.) ("Although the rule developed in the *Frow* case applies when the liability is joint and several, it probably can be extended to situations in which joint liability is not at issue but several defendants have closely related defenses."); *see also PNC Bank, Nat'l Ass'n v. Lucmaur, LLC*, 6:14-CV-248-ORL-37KRS, 2014 WL 12629787, at *1–2 (M.D. Fla. Aug. 27, 2014) (finding entering a default judgment against a defendant risked inconsistent judgments because the liability of the defendant was derivative of another defendant actively defending itself); *Bank of the Ozarks v. Arco Cmty. Outreach Coal., Inc.*, CV 212-017, 2013 WL 164421, at *2 (S.D. Ga. Jan. 15, 2013) (finding defendants similarly situated where the liability of guarantor defendants was derivative of another defendant's liability).

Upon consideration, the Court agrees with Plaintiff that entry of a default judgment against Asem Hasan before the action is resolved with regard to Roadrunner Clearwater, Inc. creates the

possibility of inconsistent outcomes. Plaintiff does not allege that the Defendants are jointly liable. *See* Dkt. 1. However, the Defendants are similarly situated as Plaintiff has made the same claims against both Defendants with regard to the facility that is the subject of Plaintiff's ADA allegations. For example, Plaintiff asserts the following:

> Defendants have discriminated against Plaintiff and others with disabilities, by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility, as prohibited by 42 U.S.C. § 12182, et seq., and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the Facility, including those specifically set forth herein, and make the Facility accessible to and usable by persons with disabilities, including Plaintiff.

(Dkt. 1 ¶ 16.) If Plaintiff does not prevail in her claims against Defendant Roadrunner Clearwater, Inc., entering a default judgment against Defendant Asem Hasan may risk an inconsistent verdict. This district "has been sensitive to the risk of inconsistent judgments." *Gov't Employees Ins. Co. v. KJ Chiropractic Ctr. LLC*, 6:12-CV-1138-ORL, 2014 WL 5426565, at *2 (M.D. Fla. Oct. 22, 2014). Thus, to avoid inconsistent verdicts, it is most prudent to allow Plaintiff an extension to move for a default judgment and enter a final judgment as to all parties after the claims against Defendant Roadrunner Clearwater, Inc. are resolved.

Accordingly, it is **RECOMMENDED** that Plaintiff's Motion to Delay Filing of Motion for Judgment after Default and also Court's Entry of Final Judgment Against Defendant Asem Hasan (Dkt. 21) be **GRANTED**.

**IT IS SO REPORTED** in Tampa, Florida, on April 27, 2018.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:
The Honorable Steven D. Merryday
Counsel of Record
Unrepresented Parties